(21 Misc. Rep. 552.)

## In re WINTERS' ESTATE.

(Surrogate Court, Erie County.    October, 1897.)

TRANSFER TAX—NOTICE OF APPRAISAL.

In a proceeding to appraise property of a decedent which is subject to taxation under Laws 1892, c. 399 (Transfer Tax Act) § 231, where the appraiser fails to give notice of the time and place at which the appraisement is to be made, to a daughter of the deceased, who is afterwards adjudged to be one of the heirs at law, such proceeding is fatally defective, and the tax determined and assessed pursuant thereto is invalid.

Application of the district attorney of Erie county for an order upon George A. Winters and others, administrators of the estate of Winifred Winters, deceased, to show cause why they should not pay the transfer tax heretofore assessed upon the estate.    Catherine Busch, an heir at law, appeared and objected to the tax.    Tax set aside.

Hamilton Ward, Jr., Dist. Atty., for petitioner.
Percy S. Lansdowne, for comptroller.
Jacob Stern, for administrators.
Adolph Rebadow, for Catherine Busch.

MARCUS, S.    This proceeding arises upon the return of an order granted upon the application of the district attorney of Erie county to show cause why George A. Winters, William Ahl, and Louis Stern, administrators of the above estate, should not pay the transfer tax heretofore fixed at the sum of $566.24, together with interest thereon, and the costs of this proceeding.    Upon the return day the said Louis Stern and George A. Winters appear, as well as one Catherine Busch.    On the 6th of August, 1895, an appraiser was appointed to appraise and fix the fair market value of the property of which the deceased died seised and possessed, subject to taxation under and pursuant to chapter 399 of the Laws of 1892, and of the Laws amendatory thereof and supplemental thereto.    The order required that the appraiser give notice to all persons known to have a claim or interest in said property, and to the county treasurer of the county of Erie, at the time and place where he would appraise and fix the fair market value of the property.    On the 29th of October, 1895, the appraiser returned and filed his proceedings, in which he reported the net value of the personal estate at $11,624.05, and that "George Winters, the husband of the deceased, takes all the personal property, because he administered the estate.    The nephew William Ahl takes all the real estate, no evidence being offered that issue was born alive of the marriage of Winifred Winters and George Winters." This report on said 28th of October, 1895, was in all things confirmed by the surrogate as of course.    The report of the transfer tax appraiser shows that the notices were directed to the following named persons, known to have a claim or interest in the property to be ap-

praised, viz.: George Winters, William Ahl, and Louis Stern, the administrators; Charles D. Stickney, attorney for the comptroller of the state of New York; and to Daniel J. Kenefick, district attorney of Erie county. On the 28th day of November, 1895, a petition was filed by the administrators, Louis Stern, George A. Winters, and William Ahl, praying for proceedings in this court to enable them, as such administrators, to render an account, and have a decree made and entered, judicially settling and allowing the same, and that all persons and parties be cited to·attend such settlement, and that all necessary process be had and taken as the law might require, the same petition alleging that George Winters (without specifying any relationship) and one Catherine Busch were the only parties interested. The petition contained the further statement that Catherine Busch "had filed with the surrogate's court a petition in which she prays for the issuing of a citation to her upon the judicial settlement of said estate upon the ground that she is the descendant of said Winifred Winters, deceased." The said Catherine Busch was thereupon made a party to the proceedings, and filed objections thereto, and the same were thereupon adjourned from time to time; and on the 28th day of May, 1896, a determination of the issues resulted in establishing that said Winifred Winters died leaving the said George A. Winters, widower, and Catherine Busch, a daughter, her surviving, being her only heirs at law.

Mrs. Busch appears upon this proceeding, and insists that the determination resulting in the fixing of this tax in the amount before mentioned can in no way be binding on her, since no notice of the same was ever mailed to or received by her, the district attorney contending that this proceeding is strictly within the act; that, if any person felt aggrieved or dissatisfied with the appraisement, assessment, and determination of the tax, an appeal might have been filed within 60 days from the fixing, assessing, and determination of the tax by the surrogate, upon filing the necessary notice of appeal; that, having failed so to do, they are in all things barred; and further insisting that no claim is made against Mrs. Busch, she not being named, nor is any order asked directing her to pay the same or any part of said tax.

Upon the oral argument the district attorney insists that this tax as assessed must be paid, and that, if any erroneous or illegal tax be shown, an application may be made to the comptroller of this state, and, upon satisfactory proof presented to him of the facts, he will require the amount of such erroneous or illegal payment to be refunded to the administrator who has paid in such tax in error, from the treasury, providing that the application for such refunding shall be made within five years from the payment thereof, as directed by section 225 of the New York tax law.

I am satisfied that the position of the district attorney upon the argument is incorrect. It would be manifestly unjust to put the burden upon this estate of paying to the county treasurer a sum of money, known to be erroneous, upon the theory that a remedy exists whereby the matter may be righted. The further claim that Mrs. Busch is in no manner interested, for the reason that she has received the full amount coming to her from this estate, is also without

force, since the tax remains a lien upon the property transferred until paid, and the person to whom the property is so transferred, as well as the administrator, is personally liable for such tax until its payment. Mrs. Busch is therefore, in the event of the failure of the administrator to pay this tax, personally liable for the same, and a lien still exists upon the property received by her under the decree of distribution, and she is therefore a person interested to a very material extent. I am of the opinion that these proceedings are fatally defective from the fact, which is conceded, that Mrs. Busch never received a notice of the proceedings against her, and of the hearing, or an opportunity to be heard in reference to the value of the property and the amount of tax which was to be imposed. This question was broadly discussed in Re McPherson, 104 N. Y. 306, 10 N. E. 685, in which it was determined that:

"He must have some kind of notice of the proceeding against him, and an opportunity to be heard in reference to the value of his property, and the amount of tax which is thus to be imposed. Unless he has these, his constitutional right to due process of law has been evaded."

At page 323, 104 N. Y., and page 689, 10 N. E. 685, of the same case, it is said:

"So, too, in this case, after the tax has been imposed, no person can be compelled to pay it until a citation has been regularly served upon him, and he has had ample opportunity to be heard. Upon the return of the citation, it is not specified in the section what cause can be shown against the payment of the tax, but it is clear that the person thus cited may allege any reason whatever which shows that he ought not to pay it. He may answer that he has not had an opportunity to be heard upon the appraisal, and that, therefore, the tax as to him is void."

While it is true that no tax is sought to be collected from Mrs. Busch, I am nevertheless convinced that a condition of affairs may arise in which she would be personally liable, and could be compelled to pay the tax as a person who has received "the property transferred."

I am further satisfied that this court, under all the circumstances of the case, and with the knowledge of the decree made upon the settlement, ought to set this tax aside, and order another appraisal, upon the ground that the proper notices, as required by section 231 of the act before mentioned, were not mailed to all persons known to have a claim or interest in the property to be appraised. Therefore the determination of the appraiser, and the confirmation of the same by the surrogate, can in no way be binding upon Mrs. Busch.

In Re McPherson, before cited, it is further held that, when the section provides that he (the surrogate) shall designate by order to whom the notice is to be given, it is necessarily implied that he shall designate all the persons entitled to notice. If he should omit to do so, it would be an error, on account of which every tax imposed upon the person not notified or heard would be invalid, as having been imposed without jurisdiction.

An order may therefore be entered, for the reasons herein stated, setting aside the report of the transfer tax appraiser, as confirmed by the surrogate, and allowing an application to be made for the appointment of a competent person as appraiser, to fix the fair market value, at the time of the transfer thereof, of the property of the deceased. Decreed accordingly.